UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



ANDREW GROSS III,

    Petitioner,

v.                              CASE NO. 1:09-CV-11310
                               HONORABLE PAUL D. BORMAN

HARLEY G. LAPPIN, et al.,

    Respondents.
_____/

## ORDER TRANSFERRING CASE

Andrew Gross III ("Petitioner"), a federal prisoner currently confined at the Federal Correctional Institution in Terre Haute, Indiana, has filed a petition for writ of mandamus pursuant to 28 U.S.C. § 1361, along with a request for declaratory or injunctive relief, challenging the validity of the 2005 federal regulations governing prisoner placement in a Community Corrections Center ("CCC"), also known as a Residential Reentry Center ("RRC") or halfway house. Petitioner asks the Court to require the Bureau of Prisons ("BOP") to determine his eligibility for CCC placement according to the factors enumerated in the underlying statute, 18 U.S.C. § 3621, without regard to the regulations.[1]

Although Petitioner has brought this case as a mandamus action with a request for declaratory and injunctive relief, he is actually seeking habeas corpus relief under 28 U.S.C. §

---

[1]Petitioner is serving a 120-month sentence based upon his guilty plea to one count of violating 18 U.S.C. § 513 (counterfeit securities), which was entered in this Court before the Honorable Bernard A. Friedman. *See United States of America v. Andrew Gross*, 02-CR-80163-DT (amended judgment of sentence filed on March 6, 2006).

2241 because he is challenging the execution of his federal sentence. *See Burnette v. Killinger*, 863 F.2d 47, 1988 WL 123741, *1 (6th Cir. Nov. 21, 1988) (unpublished) (concluding that district court did not err in construing prisoner's mandamus complaint seeking to require the United States Parole Commission to comply with its guidelines and reduce his minimum sentence as a habeas action and dismissing it for lack of jurisdiction over the prisoner's custodian); *accord Lueth v. Beach*, 498 F.3d 795, 797 (8th Cir. 2007) (mandamus petition concerning execution of federal prisoner's sentence was more appropriately construed as a habeas petition under 28 U.S.C. § 2241); *see also Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 243-44 (3rd Cir. 2005) (prisoner's challenge to BOP regulations is a challenge to the execution of his sentence).

A petition for writ of habeas corpus under 28 U.S.C. § 2241 (or a mandamus action challenging the execution of a prisoner's sentence) must be filed in the district court having jurisdiction over the petitioner's custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004); *Braden v. 30th Judicial Cir. Ct.*, 410 U.S. 484, 499-500 (1973); *In re Hanserd*, 123 F.3d 922, 925 (6th Cir. 1997); *see also United States v. Pena*, 84 Fed. Appx. 118, 120 (2nd Cir. 2003) (district court lacked jurisdiction to review federal prisoner's petitions for mandamus and habeas corpus relief regarding CCC placement where the court did not have jurisdiction over the prisoner's custodian).

In this case, Petitioner is incarcerated in Terra Haute, Indiana. Consequently, this Court does not have jurisdiction to hear his claims under 28 U.S.C. § 2241 (or 28 U.S.C. § 1361). Pursuant to 28 U.S.C. § 1631, the Court shall transfer the petition to the federal district court having jurisdiction over Petitioner's custodian. Terre Haute, Indiana is located within the

jurisdiction of the United States District Court for the Southern District of Indiana, Terre Haute Division. *See* 28 U.S.C. § 94(b)(2). The Court thus finds it appropriate to transfer this case to that federal court for further proceedings. The Court makes no determination as to the merits of Petitioner's claims.

Accordingly,

**IT IS ORDERED** that this case be transferred to the United States District Court for the Southern District of Indiana, Terre Haute Division.

R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: April 14, 2009